**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

DOLLAR RONS II, LLC,

               Chapter 11

               Case No.: 07-17955

      Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
DOLLAR RONS II, LLC, Plaintiff.

    v.

               Adv. Pro. No: 07-01783

DORADO INVESTORS
ASSOCIATES, LLC, Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
**OPINION**


**APPEARANCES**:

Timothy P. Neumann, Esq.
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Attorney for Debtor/Plaintiff

Leonard C. Walczyk, Esq.
Wasserman, Jurista & Stolz, P.C.
225 Millburn Avenue, Suite 207
P.O. Box 1029
Millburn, New Jersey 07041

Attorney for Defendant


**MICHAEL B. KAPLAN, U.S.B.J.**

1

**MEMORANDUM DECISION**

This matter is before the Court on Plaintiff's motion for summary judgment, and Defendant's cross motion for summary judgment, on Counts I and II of the Plaintiff's amended complaint. Plaintiff seeks recovery of certain inventory and other personal property left at its place of business upon the lock-out and eviction by the Defendant-Landlord. Defendant contends that the property, which remains in Defendant's possession, should be deemed abandoned, pursuant to the express provisions of its lease with Plaintiff, and thus not subject to recovery. The Court heard oral argument on March 31, 2008 and, pursuant to the Court's direction, a supplemental brief was filed on April 4, 2008.

**I.    JURISDICTION**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E), (F), and (H). The statutory predicates for the relief sought herein are §§ 542, 547, 548, and 550 of the Bankruptcy Code and Fed. R. Bankr. P. 7001.

**II.    FACTS AND PROCEDURAL HISTORY**

1. The Plaintiff is a Debtor under Chapter 11 of 11 U.S.C. § 101 et seq. ("the Bankruptcy Code"), having filed a voluntary petition thereunder on June 7, 2007 (the "Petition Date").

2. No trustee has been appointed and the Plaintiff is a debtor in possession with the powers of a trustee pursuant to § 1107 of the Bankruptcy Code.

3. Defendant, Dorado Investors, is the former landlord of the Debtor.

4. Prior to the Petition date, Plaintiff/Debtor was in the business of the retail sale of general merchandise from premises leased from Defendant at 34 Lanes Mill Road, Brick, Ocean County, New Jersey.

5. Defendant Landlord obtained a judgment for possession on April 2, 2007 and on April 18, 2007, a lockout was conducted by the state court constable.

6. Certain inventory, merchandise, furniture and fixtures ("inventory") of the Debtor's business remain at the 34 Lanes Mill Road premises.

7. On June 18, 2007, Plaintiff filed an adversary proceeding demanding that the Defendant turnover said inventory as property of the Debtor's estate under 11 U.S.C. § 542.

8. On July 9, 2007, Plaintiff filed an amended complaint adding counts for avoidance of preferential transfer under 11 U.S.C. § 547, fraudulent transfer under § 548, as well as a count for recovery of property pursuant to § 550.

9. On February 2, 2008, Plaintiff filed the instant motion for summary judgment with respect to its counts for turnover (§ 542) and for avoidance of a preferential transfer (§ 547).

10. On March 25, 2008, the Defendant filed a cross motion urging the Court to grant it summary judgment on the turnover and preference causes of action.

**III.    OPINION**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has indicated, "Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir.1993). The Third Circuit has stated that whenever there is even the "slightest doubt regarding the facts of a case, summary judgment should not be granted." Tomalewski v. State Farm Life Ins., Co., 494 F.2d 882, 884 (3d Cir.1984).

In this case, the Court is faced with questions of law. First, the Court must determine if the lease agreement at issue was affected by the Defendant's judgment for possession. Under New Jersey law, "[t]he act of a landlord in instituting a summary dispossession action, whereby judgment for possession is entered and a warrant of removal issued, by virtue of which the tenant vacates, constitutes an eviction which terminates the lease between the parties." 23A NJPRAC § 40.3; See also Hecklau v. Hauser, 71 N.J.L. 478, 59 A. 18 (Sup.Ct.1904)(holding that where a lessee was dispossessed from demised premises by virtue of a summary dispossession action instituted by the lessor, the lease terminated with such dispossession). Therefore, because the Plaintiff was dispossessed from the 34 Lanes Mill Road premises by virtue of the Defendant's

dispossession action, the lease agreement was terminated.

Despite termination, however, the lease agreement contains a survival clause which states that the remedies and requirements of the lease "shall survive any termination or other expiration of the term of the Lease, even in the presence of a judgment or agreement terminating the Lease, except to the extent that any such judgment or termination agreement specifically provides to the contrary." See Lease, p. 12-13, paragraph 26. Such clauses are enforceable in New Jersey in that the "[p]arties to a lease may agree that certain obligations will survive the termination of the landlord-tenant relationship." N.J. Indus. Properties, Inc. v. Y.C. & V.L., Inc., 100 N.J. 432, 439 (1985). As the New Jersey Supreme Court further noted:

> Where there is a lease the liability of the tenant arising by operation of law is not superseded by the contractual obligation. Both liabilities exist simultaneously. The lease has a dual character; it is a conveyance of an estate for years and a contract between lessor and lessee. The result is that dual obligations arise,-contractual obligations from the terms of the lease, and obligations under the law from the creation of the tenancy. As it is sometimes expressed, there are dual obligations arising from "privity of contract" and "privity of estate."

Id. at 440, fn4. Therefore, despite the fact that the lease agreement at issue terminated by virtue of the Defendant's actions, the contractual provisions remain in effect. Accordingly, the terms of the lease survive termination.

Next, the Court must evaluate whether N.J.S.A. § 2A:18-72 applies. That section states, in pertinent part:

> A landlord of commercial or residential property, in the manner provided by P.L. 1999, c. 340 (C. 2A:18-72 et al.), may dispose of any tangible goods, chattels, manufactured or mobile homes or other personal property left upon a premises by a tenant after giving notice as required by section 2 of P.L. 1999, c. 340 (C.

>    2A:18-73), only if the landlord reasonably believes under all the circumstances that the tenant has left the property upon the premises with no intention of asserting any further claim to the premises or the property and:
>
>> a. A warrant for removal has been executed and possession of the premises has been restored to the landlord; or
>>
>> b. The tenant has given written notice that he or she is voluntarily relinquishing possession of the premises.
>
> The provisions of P.L. 1999, c. 340 (C. 2A:18-72 et al.) shall not apply to the disposal of tenant property left on nonresidential rental property if there is a lease *in effect* which has been duly executed by all parties which contains specific terms and conditions for the disposal of tenant property.

N.J.S.A. § 2A:18-72. Focusing on the last provision of the statute, it is clear that N.J.S.A. § 2A:18-72 is inapplicable in situations where there is a lease *in effect* that contains specific references to the disposal of the tenant's property. In light of the Court's finding that there remains "privity of contract" between the parties and that the lease provisions at issue survive termination, the Court holds that the lease is *in effect* for purposes of N.J.S.A. § 2A:18-72 and the statute does not apply to these set of facts.

Finding that the provisions of the lease agreement continue *in effect*, the Court now turns to the application of said terms. Pertinent to this case, Section 25 of the lease states as follows:

> 25. Removal of Tenant's Property
>
> Any equipment, fixtures, goods or other property of the Tenant, not removed by the Tenant upon termination of this Lease, or upon any quitting, vacating or abandonment of the Leased Premises by the Tenant, or upon the Tenant's eviction, shall be considered as abandoned within five (5) days after Tenant's quitting, vacating or abandonment of the Leased Premises and the Landlord shall have the right, without any notice to the Tenant, to sell or otherwise dispose of the same, at the expense of the Tenant, and Landlord

6

>   shall not be accountable to the Tenant for any part of the proceeds
>   of such sale, if any.

See Lease, p. 12, paragraph 25. Under these terms, therefore, the Plaintiff's property is deemed abandoned if the Plaintiff makes no attempt to collect said property within five (5) days after termination of the lease. [1]

The undisputed facts demonstrate that the Defendant Landlord obtained a judgment for possession on April 2, 2007 and that on April 18, 2007, a lockout was conducted by the state court constable. Notwithstanding the Court's request, neither party has indicated when the warrant for removal was issued. For purposes of this Opinion, therefore, the Court will accept the fact that the warrant for removal was issued sometime between April 2, 2007 and at least five days prior to the lockout date on April 18, 2007. The Court will further accept from the Plaintiff's silence that the Debtor made no attempt to remove its inventory within five (5) days of the issuance of the warrant for removal. As such, the Court deems the Debtor's inventory abandoned pursuant to the applicable terms of the lease.

The Court will now address the individual counts in which the Plaintiff asserts that it is entitled summary judgment. In Count I of the Debtor's amended complaint, the Debtor seeks turnover of the inventory at issue pursuant to § 542(a). The required statutory elements are:

>   1. The property is in the possession, custody or control of another
>   entity.

---

[1] While the Court is of the opinion that the five (5) day period to remove personal property is unreasonably short and that paragraph 25 of the Lease fails to provide reasonable safeguards as to notice and application of sale proceeds, the New Jersey Legislature, in drafting N.J.S.A. § 2A:18-72, did not mandate any such safeguards where parties to a commercial lease agree in writing to other rights and remedies with respect to disposal of tenant's property.

> 2. The property can be used in accordance with Code Section 363 [as property of the estate].
>
> 3. The property has more than an inconsequential value to the debtor's estate.

Shubert v. Premier Paper Prods., LLC, 2007 Bankr. LEXIS 4004, at *21 (Bankr. D. De. 2007); 11 U.S.C. § 542(a). In this case, the first and third elements of the Debtor's claim for turnover are satisfied. Clearly, the inventory of the Debtor is in the possession, custody or control of the Defendant Landlord at the 34 Lanes Mill Road premises. The Court is also satisfied that the inventory has more than an inconsequential value to the Debtor's estate as evidenced by each parties' evaluation of the assets at somewhere between $18,216 and $42,000. See Plaintiff's moving brief, p. 6; Defendant's response/cross-moving brief, p. 8, fn2. Although the Debtor has satisfied the first and third elements, however, it has not demonstrated that the inventory is property of the estate as required by § 542(a). As the Court has noted, it finds that the inventory was abandoned pursuant to the terms of the lease, prior to the bankruptcy filing, and is not property of the estate. Accordingly, the Plaintiff's claim for turnover must fail.

In Count II of the amended complaint, the Debtor attempts to recoup the inventory at issue, or its value, under 11 U.S.C. § 547. As the New Jersey District Court explained:

> To establish a voidable preference, the Trustee must show, by a preponderance of the evidence, that a transfer of an interest of the debtor in property: (1) was made to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) while the debtor was insolvent; (4) was made (a) on or within 90 days before the date of the filing of the petition or (b) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) enabled such creditor to receive more than such creditor would receive if (a) the case were a case under Chapter 7, (b) the transfer had not been made, and (c) such

> creditor received payment of such debt to the extent provided by
> the provisions of Title 11 of the United States Code.

Flint Ink Corp. v. Calascibetta, 2007 U.S. Dist. LEXIS 66615, at *12-13 (D.N.J. 2000); 11 U.S.C. § 547. Even if all other elements for a preference action are met, the Court finds that the Debtor has failed to establish that the Defendant actually received payment of a Debt owed by the Debtor to the Defendant pursuant to § 547(b)(5)(C). Rather, the evidence before the Court demonstrates that to date the Defendant has not sold the inventory at issue and, therefore, has not applied any proceeds to its claim. In fact, under the lease provisions, and because the Court has held that the inventory has been abandoned, the Defendant may sell said inventory and need not apply the proceeds to the Plaintiff's debt. Pursuant to the lease, the Defendant "shall have the right...to sell or otherwise dispose of the [inventory], at the expense of the Tenant, and Landlord shall not be accountable to the Tenant for any part of the proceeds of such sale, if any." See Lease, p. 12, paragraph 25. Thus, the Debtor cannot sustain a preference claim under § 547.[2]

**IV. CONCLUSION**

In light of the foregoing, the Court finds that the Plaintiff's motion for summary judgment is denied and the Defendant's cross motion on Count I (§ 542) and Count II (§ 547) of the Plaintiff's amended complaint is granted.

---

[2] Inasmuch at the motion and cross-motion for summary judgment do not address the proofs necessary to establish a fraudulent transfer under § 548, the Court is not rendering a decision on this Count of the Complaint. Nothing in this Opinion is intended to reflect a determination as to whether or not a constructive fraudulent transfer occurred as a result of the abandonment of the personal property.

Appropriate Orders will be entered.

Dated: April 11, 2008

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge